IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE MCREVY and<br>SAMANTHA MULKEY,<br><br>    Plaintiffs,<br><br>v.<br><br>STEPHEN BLAKE RYAN,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-508-CG-B<br>)<br>)<br>)<br>) |

### ORDER

This matter is before the court on defendant's motion in limine to exclude any evidence relating to plaintiff, Samantha Mulkey's, (hereinafter referred to as Mulkey) treatment for fibromyalgia (Doc. 57), plaintiffs' responses thereto (Docs. 60, 67), defendant's reply (Doc. 69) and plaintiff's sur-rebuttal (Doc. 71). The court finds that Dr. Eversmeyer's testimony that the automobile accident at issue in this case resulted in Mulkey's having fibromyalgia, does not satisfy Daubert. Additionally, because there is no evidence of any link between Mulkey's fibromyalgia and the automobile accident, the court finds that Eversmeyer's testimony concerning his treatment of Mulkey's fibromyalgia is not relevant. Therefore, defendant's motion in limine is due to be granted.

### BACKGROUND

This case involves a motor vehicle accident that occurred on September 7, 2006. Plaintiffs allege that defendant negligently operated a vehicle so as to cause or allow the vehicle to strike the rear of the vehicle in which plaintiffs were passengers. Defendant does not contest liability but disputes the extent of any injuries sustained by the plaintiffs and the appropriate

1

measures of damages.

Plaintiff Mulkey seeks to offer the testimony of one of her treating physicians, Dr. Walter H. Eversmeyer, III, who is certified in the field of rheumatology. (Eversmeyer Depo p. 6). Dr. Eversmeyer first saw Mulkey on November 26, 2008 (Eversmeyer Depo. p. 8), and ultimately diagnosed her as having fibromyalgia which he opines was precipitated by the automobile accident in 2006. Defendant's motion in limine objects to any testimony by Dr. Eversmeyer that the September 7, 2006 automobile accident caused Mulkey's fibromyalgia. Defendant argues that Eversmeyer's causation testimony is unreliable and should be excluded pursuant to Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1993).[1]

**DISCUSSION**

Federal Rule of Evidence 702 provides for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." The United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1993) found that scientific expert testimony is admissible only if the proffered testimony is both relevant and reliable. "[A] district court judge is to act as a 'gatekeeper' for expert testimony,

---

[1] The court notes that Mulkey objects to the motion in limine as untimely under the Standing Order Governing Final Pretrial Conference which stated that "[a]ll challenges to expert witnesses, including *Daubert* motions, must be filed not later than two weeks prior to the Final Pretrial Conference." (Doc. 50-1). The current motion challenging the testimony of Dr. Eversmeyer was filed on November 10, 2009, three days before the final pretrial conference was held in this case on November 13, 2009. However, although the court would like to have received the motion earlier, the untimeliness of the motion does not relieve this court from its gate-keeping responsibility. Additionally, the court notes that there was some confusion as to the existence of the deadline due to the fact that this case was recently transferred from another judge in this court that utilized a different standing order which did not give a deadline for expert challenges. Under the circumstances, the court will allow the late-filed motion.

only admitting such testimony after receiving satisfactory evidence of its reliability." Dhillon v. Crown Controls Corporation, 269 F.3d 865, 869 (7th Cir. 2001); see also U.S. v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999). Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Accordingly, under Rule 702, "this Court has an obligation to screen expert testimony to ensure it stems from a reliable methodology, sufficient factual basis, and reliable application of the methodology to the facts" Whatley v. Merit Distribution Services, 166 F.Supp.2d 1350, 1353 (S.D. Ala. 2001) (citations omitted).

> The Rule, in respect to all such matters, "establishes a standard of evidentiary reliability." [Daubert,] 509 U.S. [579] at 590, 113 S.Ct. 2786. It "requires a valid ... connection to the pertinent inquiry as a precondition to admissibility." Id., at 592, 113 S.Ct. 2786. And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, [ ] the trial judge must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." 509 U.S. at 592, 113 S.Ct. 2786.

Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149, 119 S.Ct. 1167, 1175 (1999).

To aid in determining reliability under Rule 702, this court looks to the non-exclusive factors set forth in Daubert: (1) whether the theory can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) whether the theory has a high known or potential rate of error and there exists standards controlling the technique's operation; and (4) whether the theory has attained general acceptance within the relevant scientific community.

Daubert, 509 U.S. at 593-94.  The Rule 702 inquiry is "a flexible one." Id. at 594, 113 S.Ct. 2786.  The above four factors are not exhaustive.  The primary focus should be "solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595, 113 S.Ct. 2786.  "[T]he proponent of the testimony does not have the burden of proving that it is scientifically correct," but must establish "by a preponderance of the evidence, it is reliable." Allison v. McGhan Medical Corp., 184 F.3d 1300, 1312 (11th Cir. 1999) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 744 (3d Cir. 1994)); see also Whatley, 166 F.Supp.2d at1354 ("the proponent of the expert testimony has the burden to establish by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied.")(citations omitted).

Defendant attacks Dr. Everymeyer's testimony concerning fibromyalgia because: 1) the expert's causation theory and method of diagnosing Mulkey cannot be tested; 2) the expert's theory has not been subjected to peer review; and 3) because the theory is not generally accepted by the scientific community.   At his deposition, Dr. Eversmeyer admitted that "[t]here is no diagnostic test to tell if someone has fibromyalgia." (Eversmeyer Depo. p. 47).  Dr. Eversmeyer further testified that "nobody knows what causes fibromyalgia, and there's no objective evidence that accidents are responsible for the development of fibromyalgia." (Eversmeyer Depo. pp. 34-36).  Dr. Eversmeyer went on to state that there was "no officially recognized link between traumatic injuries and fibromyalgia." and that he was not aware of any scientific studies that support his opinion that injury and trauma to the body can precipitate the onset of fibromyalgia symptoms. (Eversmeyer Depo. pp. 53, 60).  Nevertheless, Eversmeyer stated that it was his belief that "there are certain people that are prone to develop fibromyalgia" and that if a person "is prone to develop fibromyalgia and has some injury or some condition that she can't sleep

4

restfully, that will cause -- . . . that will precipitate fibromyalgia." (Eversmeyer Depo. p. 35).

Mulkey argues that Dr. Eversmeyer relied on differential diagnosis to support his opinion. Plaintiff cites Marsh v. Valyou, 977 So.2d 543 (Fla. 2007) for the proposition that differential diagnosis is an accepted methodology in assessing causation. In Marsh, the Florida Supreme Court considered whether expert testimony on the causal connection between trauma and fibromyalgia should be allowed under Frye v. United States, 293 F. 1013 (D.C.Cir. 1923), and concluded that Frye did not apply and that even if it did, such testimony satisfies it. Marsh, 977 So.2d at 544. The court stated the following:

> Marsh's experts did not base their opinions on new or novel scientific tests or procedures, and Respondents did not challenge the patient history, examination methods, clinical practices, or other methodologies upon which they did rely. In fact, Respondents could not challenge the underlying methodology, as we have previously held that differential diagnosis is a generally accepted method for determining specific causation. Castillo [v. E.I. Du Pont De Nemours & Co., Inc., 854 So.2d 1264, 1271 (Fla. 2003)]; U.S. Sugar [Corp. v. Henson, 823 So.2d 104, 110 (Fla. 2002)] ("[T]here is no question that the differential diagnosis technique ... is generally accepted in the scientific community."); see also [State Farm Mutual Automobile Insurance Co. v.] Johnson, 880 So.2d [721, 723 (Fla. 2d DCA 2004)] (recognizing that a challenge to the underlying methodology would be unsuccessful because differential diagnosis is a "standard scientific technique"). Instead, Respondents challenged the experts' conclusions that trauma caused Marsh's fibromyalgia.

The court opined that "[a] challenge to the conclusions of Marsh's experts as to causation, rather than the methods used to reach those conclusions, is a proper issue for the trier of fact." Id. at 549. The court notes that this Florida state court case is not binding on this court. More importantly, the standard under which expert testimony is assessed in federal court is Daubert, which in fact held that "Frye has been superseded," 509 U.S. at 589 n. 6, 113 S.Ct. 2786. Because Marsh's holding concerned only the admissibility of evidence under the Frye "general acceptance test," it does not preclude a district court from excluding the same type of evidence

for not satisfying the Daubert factors.  See U.S. v. Henderson, 409 F.3d 1293, 1303 n. 7 (11th Cir. 2005) (stating that the holding concerning the admissibility of polygraph evidence under Frye did not preclude a district court from excluding polygraph evidence for not satisfying the Daubert factors.); see also Warren v. Topolski, 2009 WL 1231099, * 2 (Del.Super., April 30, 2009) (declining to follow Marsh reasoning that since Delaware recognizes the Daubert test, "any analysis pertaining to expert testimony must suffice under Daubert.  Even in the Marsh decision under Frye, the dissent convincingly stated the impropriety of the majority's decision, noting the absence of general acceptance of the expert's opinion.  Because general acceptance is one consideration this Court makes under Daubert, the obvious presence of all of the debate within the scientific community about the association between physical trauma and fibromyalgia precludes satisfactory evidence for jury consideration.").

      Mulkey also argues that Dr. Eversmeyer's clinical experience and an appreciable portion of the scientific community suggest that acute trauma is highly associated with fibromyalgia. Mulkey cites three publications which reportedly support Dr. Eversmeyer's conclusion. See ANIL KUMAR JAIN et al., Fibromyalgia Syndrome: Canadian clinical working case Definition, Diagnostic and Treatment Protocols – A Consensus Document, 11 J. Musculoskeletal Pain 3 ("2003 Consensus Report"); FREDERICK WOLFE, The Fibromyalgia Syndrome; A Consensus Report on Fibromyalgia and Disability, 23 Journal of Rheumatology 534 (1996); and MUHAMMAD B. YUMAS et al., Fibromyalgia Consensus Report: Additional Comments, 3 J. Clinical Reheumatology 324 (1997).   However, as defendant points out, Dr. Eversmeyer did not rely on, and was in fact not even aware of, any publications that supported his conclusion when he formed his opinion.  These publications have not yet been submitted to the court, but even if

such articles were sufficient to demonstrate that the theory has been subjected to peer review and publication, they do not show that the theory can or has been tested or that the theory has attained general acceptance within the relevant scientific community.  Dr. Eversmeyer has admitted that there is no diagnostic test to determine if someone has fibromyalgia and that, in fact, nobody knows what causes fibromyalgia.  He further admits that there is no objective evidence that automobile accidents or similar trauma can cause the development of fibromyalgia and that the scientific community does not recognize a link between traumatic injuries and fibromyalgia.   Dr. Eversmeyer has run tests to rule out other possible diagnoses that would be consistent with Mulkey's symptoms and has concluded, by a process of elimination, that Mulkey must have fibromyalgia.  Dr. Eversmeyer states that he believes that there is a link between the automobile accident and those symptoms.   However, speculation is insufficient for Daubert purposes.  The court therefore finds that Dr. Eversmeyer may not testify as to any causal relationship between the automobile accident and Mulkey's fibromyalgia.

Dr. Eversmeyer is Mulkey's treating physician, and treating physicians are generally not treated as experts to the extent their testimony is based on observations during the course of treatment unless their testimony was acquired or developed in anticipation of litigation or for trial. Brown v. Best Foods, A Division of CPC Intern., Inc., 169 F.R.D. 385, 387 (N.D. Ala. 1996) (quoting Richardson v. Consolidated Rail Corp., 17 F.3d 213, 218 (7th Cir. 1994)).  As fact witnesses, their opinions must be based on facts of which they have personal knowledge. Id. However, although Dr. Eversmeyer is a treating physician, his testimony is not immunized from Daubert and, as discussed above, he may not testify concerning causation.  Further, because Dr. Eversmeyer's treatment of Mulkey was apparently limited to the treatment and diagnosis of

fibromyalgia,[2] the court finds that none of his testimony is relevant.  There is no evidence that the reported fibromyalgia is related to the automobile accident at issue.  Thus, the court finds that Dr. Eversmeyer's testimony is inadmissible pursuant to FED. R. EVID. 402.

## **CONCLUSION**

For the reasons stated above, defendant's motion in limine (Doc. 57) is **GRANTED** and all of Dr. Eversmeyer's testimony is hereby excluded.  Further, all evidence related to Dr. Eversmeyer's treatment and diagnosis of fibromyalgia is excluded, including medical bills and claimed damages resulting from plaintiff  Mulkey's claim that she suffers from fibromyalgia.

**DONE and ORDERED** this 4th day of December, 2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]  The court notes that plaintiff was referred to Dr. Eversmeyer more than two years after the automobile accident.  Dr. Eversmeyer specializes in rheumatology and plaintiff complained to Eversmeyer of symptoms which he concluded were the result of  fibromialgia.